UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M., <br>         Plaintiff, <br>     v. <br> KILOLO KIJAKAZI, <br>         Defendant. | Case No. 22-cv-01114-SI <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br> Re: Dkt. Nos. 13, 16 |

Plaintiff Donald M. moves for summary judgment to reverse the final administrative decision of the Commissioner of Social Security ("Commissioner"), who found that plaintiff was not disabled under Title II of the Social Security Act. *See* 42 U.SC. § 401 *et seq*.; Dkt. No. 13. Defendant cross-moves to affirm the decision. Dkt. No. 16. Having considered the briefs and the administrative record, and for the reasons set forth below, the Court GRANTS plaintiff's motion for summary judgment, DENIES defendant's cross-motion for summary judgment, and REMANDS this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

On March 11, 2020, plaintiff protectively filed an application for Social Security Disability Insurance ("SSDI") benefits.[1] AR 175-81. Plaintiff alleged August 1, 2019, as the onset date for his disabilities.[2] AR 176. The Social Security Administration denied his benefits application both initially and on reconsideration. AR 144, 148. On January 26, 2021, Administrative Law Judge

---

[1] The ALJ incorrectly stated this date was March 1, 2020. *See* AR 13.

[2] Plaintiff's reply brief incorrectly states this date was July 7, 2005. *See* Pl.'s Reply at 6.

("ALJ") Hortensia Haaversen held a hearing at which plaintiff was represented by counsel. On March 24, 2021, the ALJ issued a decision denying plaintiff's SSDI claim. AR 10, 13.

In the decision, at step two of the five step disability inquiry, the ALJ found plaintiff has the severe impairments of hypertension and type 2 diabetes mellitus with peripheral neuropathy. AR 15-17. At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the exceptions that he can lift and carry 20 pounds occasionally and 10 pounds frequently. AR 17-21. Because of this RFC finding, the ALJ determined that plaintiff is capable of performing his past relevant work as a retail manager. AR 21-22. Therefore, the ALJ found plaintiff not disabled and denied his SSDI application. AR 10, 22.

Plaintiff filed a request for review before the Appeals Council, which denied the request on January 19, 2022. AR 1. Accordingly, the ALJ's March 24, 2021 decision became the final order of the Commissioner. Plaintiff sought review in this Court under 42 U.S.C. § 405(g). Dkt. No. 1.

**LEGAL STANDARD**

The Social Security Act authorizes an Article III court to review final decisions of the Commissioner. 42 U.S.C. § 405(g). This Court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. *Id.*

Factual findings of the Commissioner are conclusive if supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2001). The Court may set aside the Commissioner's final decision when that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel,* 180 F.3d 1094, 1097-98 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id.* at 1098. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial

evidence exists, the Court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Commissioner's conclusion. *Tackett*, 180 F.3d at 1098. "Where evidence is susceptible to more than one rational interpretation," the ALJ's decision should be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**DISCUSSION**

Plaintiff argues that the ALJ erred in three ways: (1) in finding that plaintiff's diarrhea was non-severe at step two; (2) in assigning an RFC that did not consider plaintiff's need to take frequent bathroom breaks; and (3) in assessing plaintiff's symptom testimony. Pl.'s Mot. at 7-15. Plaintiff requests the Court remand this case for payment of benefits or, in the alternative, for further administrative proceedings. *Id.* at 15-16. Defendant counters that the ALJ in fact found in favor of plaintiff at step two, correctly considered plaintiff's diarrhea symptoms in the RFC finding, and correctly determined the credibility of plaintiff's symptom testimony. Def.'s Cross-Mot. at 3-9.

**I.      Plaintiff's Symptom Testimony**

**A.      Legal Standard**

The Ninth Circuit follows a two-step test for deciding what weight to give to a plaintiff's symptom testimony. At step one, the ALJ must ascertain whether the plaintiff has presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the plaintiff satisfies step one, and there is no evidence of malingering, then at step two, the ALJ can reject the plaintiff's testimony about the severity of his symptoms only by providing specific, clear, and convincing reasons for doing so. *Id.* If the ALJ finds that the plaintiff's testimony regarding the severity of his symptoms is not credible, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). This clear and convincing standard is the most demanding standard required in Social Security cases. *Trevizo*, 871 F.3d at 678.

3

### B. ALJ's Findings

Here, the ALJ summarized plaintiff's symptoms from plaintiff's initial disability benefits application, his exertion questionnaire, and his testimony at the hearing. From plaintiff's initial disability benefits application, the ALJ noted that plaintiff claimed that "he stopped working in June 2018 because he had been terminated, but that his conditions would have precluded working in August 2019 because of a history of cardiac arrest, ventricular tachycardia, and ventricular fibrillation; and because of atrial tachycardia, type 2 diabetes and peripheral neuropathy, autonomic neuropathy, and hypertension (2E)." AR 18. Next, the ALJ reviewed plaintiff's exertion questionnaire and noted that he "alleged that his symptoms made standing for long periods difficult, caused irregular bathroom use, limited [his] ability to lift and carry[,]" and "that he had been limited by diarrhea symptoms for days at a time." *Id.* The ALJ also noted that plaintiff testified that "he left his last job when he did not meet performance requirements at his sales job…[,] decided to take a couple months off before looking for a new job…[, and] felt that he became unable to work in late 2018, when he started having pain in his legs and feet." AR 18-19. Regarding plaintiff's ability to walk, the ALJ noted that "[h]e can walk, per his doctor's orders, but he should not do so aggressively" and that he "stopped walking for exercise 8-10 months ago." AR 19. Regarding plaintiff's ability to lift, the ALJ noted that plaintiff testified "[h]e should not lift anything, he said, as this could disrupt his heart rhythm." *Id.* Regarding plaintiff's diarrhea, the ALJ summarized,

> Diarrhea has become an increasingly difficult problem for him, he said, and he has started keeping a log. For a time in early 2020, he was having two uncontrollable bouts per week; currently, the pattern is different. Diarrhea is caused by his neuropathy, and he is being treated for the condition at the hospital with medication. The medication has not been effective, he said. The claimant has had problems with diarrhea before it was documented, in August 2019.

*Id.*

In evaluating the symptom testimony, at step one, the ALJ found plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 20. The ALJ cited no evidence of malingering. Proceeding to step two, the ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons

4

explained in this decision." *Id.* The ALJ provided one example: "For example, the claimant reported that he was fired in June 2018 for failure to sell warranties (2E), which he repeated and explained at the hearing. However, he told his doctor in December 2020 that he stopped working due to leg pains (7F/3)." *Id.*

### C. Analysis

Here, the ALJ failed to provide "specific, clear, and convincing" reasons for rejecting plaintiff's symptom testimony despite finding no evidence of malingering. *See Trevizo*, 871 F.3d at 678. An ALJ's "finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-56 (9th. Cir. 2007)). The ALJ's conclusory statement that plaintiff's testimony "concerning the intensity, persistence and limiting effects of these systems are not entirely consistent with the medical evidence and other evidence in the record[,]" *see* AR 20, is precisely the sort of generic "boilerplate statement" the Ninth Circuit has rejected for failing to "identify which parts of the claimant's testimony were not credible and why." *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1102 (9th Cir. 2014)).

The one rationale the ALJ did provide is not clear and convincing. The ALJ found it inconsistent that "the claimant reported that he was fired in June 2018 for failure to sell warranties (2E)," when in December 2020 he told his doctor "that he stopped working due to leg pains (7F/3)." AR 20. Plaintiff argues that his reasons for quitting his last job and for not resuming the search for work are reconcilable rather than inconsistent: although he was fired for not meeting his sales quota, his deteriorating health conditions (severe leg pain, cardiac arrest, and chronic diarrhea) then prevented him from looking for a new job. Pl.'s Mot. at 12. He noted that he consistently reported this both in his work history report and at the ALJ hearing. *Id.*

Plaintiff testified at the hearing that while the immediate reason he lost his last job was

5

1    because of poor sales performance, the reason he could not obtain a new job was because of the
2    development of his impairments. AR 32-33. Plaintiff testified that after being fired, he decided to
3    take a couple months off work, but that by late 2018 he had terrible leg and foot pain that continually
4    got worse. AR 33. In August 2019, the doctor diagnosed the pain as related to plaintiff's diabetes.
5    *Id.* This testimony is consistent with what plaintiff reported to his doctors. A medical visit report
6    signed by Dr. Fei Yang Liang on January 22, 2020, noted that "patient reports that he would like to
7    work again however due to his symptoms, including palpitations, lightheadedness, bilateral foot
8    neuropathy and more recently, recurrent random diarrhea, patient is unable to look for work
9    currently." AR 409. Dr. Liang further noted that "the patient has been unemployed since 2018 due
10   to a combination of stress and lack of motivation to look for work due to his symptoms." AR 410.

11       The record on which the ALJ relied was a clinical summary from Kaiser dated December
12   22, 2020, containing the following line: "Worked in retail. Last worked in June 2018—stopped
13   working due to leg pains." *See* AR 880. Plaintiff's testimony at the hearing that he was no longer
14   able to obtain new employment because of his impairments is not inconsistent with his multiple
15   statements at doctor's visits that he could no longer look for work because of the impairments he
16   developed. And if the ALJ found the reference in the records to "stopped working" ambiguous or
17   confusing, then it was incumbent on the ALJ "to fully and fairly develop the record and to assure
18   that the claimant's interests are considered." *Smolen*, 80 F.3d at 1288 (quoting *Brown v. Heckler*,
19   713 F.2d 441, 443 (9th Cir. 1983)). Because the ALJ failed to provide a clear and convincing reason
20   supported by substantial evidence in the record for rejecting plaintiff's symptom testimony, the ALJ
21   erred.

22       Nor is the ALJ's summary of plaintiff's hearing testimony and medical evidence sufficient
23   on its own to justify rejecting plaintiff's symptom testimony. The Ninth Circuit has ruled that
24   "providing a summary of medical evidence… is not the same as providing clear and convincing
25   reasons for finding the claimant's symptom testimony not credible." *Lambert*, 890 F.3d at 1278
26   (quoting *Brown-Hunter*, 806 F.3d at 494).

27

28   ///

## II. Step Two Finding

Plaintiff also challenges the ALJ's finding at step two, that plaintiff's diarrhea was non-severe. The ALJ stated that plaintiff's diarrhea was "considered as a symptom of uncertain etiology" and that "[t]he symptom has been treated as a chronic medical condition only since late 2020. As such it does not meet the durational requirement for a severe impairment (20 CFR 404.1509)." AR 16.

It appears that the ALJ at least in part found plaintiff's diarrhea was non-severe based on discounting plaintiff's symptom testimony. As the ALJ cited in the decision, plaintiff testified at the hearing that the diarrhea is caused by his neuropathy, that medication has not been effective, and that he has had problems with diarrhea since before August 2019 (i.e., for well over one year before the hearing). *See* AR 19, 44. Thus, the ALJ could not have found that plaintiff's diarrhea was non-severe based on uncertain etiology and lack of duration without discounting plaintiff's testimony, which the Court has already found the ALJ erred in doing.

Moreover, plaintiff is correct when he states that the ALJ's assessment of the duration of the diarrhea is factually erroneous and not supported by the record. Plaintiff testified that he began documenting his bouts of diarrhea in January 2020 and that they had increased over time. AR 42-43. A treatment note from January 22, 2020, indicated that plaintiff had recently been hospitalized due to his diarrhea and palpitations. AR 409. In November 2020, plaintiff recorded having diarrhea 10 out of 30 days. AR 48. In December 2020, plaintiff recorded having diarrhea on 14 out of 31 days. *Id.* During the first 25 days of January 2021 (the hearing was on the 26th), plaintiff recorded having eight days of diarrhea. *Id.* Two weeks prior to the hearing, he had his worst day of diarrhea, where he had 37 bowel movements in 21 hours. AR 44. When he has an episode of diarrhea, he could be on the toilet anywhere from a minute to one hour. AR 51.

In sum, the Court finds that the ALJ's assessment of the duration and etiology of plaintiff's diarrhea symptoms is not supported by substantial evidence in the record.

## III. Remedy

Having found that the ALJ committed reversible error by improperly discounting plaintiff's

1  symptom testimony, the Court now considers the question of remedy. Plaintiff argues that the Court
2  should award benefits based on a disability finding or, alternatively, remand the case for rehearing.
3  Pl.'s Mot. at 1-2. Defendant argues that, if the Court finds the ALJ committed reversible error, the
4  Court's only proper remedy is to remand for further proceedings. Def.'s Cross-Mot. at 9-10.

5  The decision whether to remand for further proceedings or order an immediate award of
6  benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir.
7  2000). When no useful purpose would be served by further administrative proceedings, or where
8  the record has been fully developed, it is appropriate to exercise this discretion to direct an
9  immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings
10 turns upon the likely utility of such proceedings"). But when there are outstanding issues that must
11 be resolved before a determination of disability can be made, and it is not clear from the record the
12 ALJ would be required to find the claimant disabled if all the evidence were properly evaluated,
13 remand is appropriate. *Id.*

14 Here, the Court will remand this case for further administrative proceedings. On remand,
15 the ALJ shall reevaluate whether plaintiff's diarrhea is a "severe" impairment at step two. The ALJ
16 shall reevaluate plaintiff's symptom testimony. If the ALJ rejects plaintiff's testimony, the ALJ
17 may do so only by providing clear and convincing reasons supported by substantial evidence in the
18 record, stating "specifically which symptom testimony is not credible and what facts in the record
19 lead to that conclusion." *See Smolen*, 80 F.3d at 1284. Because the step two analysis and the
20 symptom testimony necessarily impacted the RFC, the ALJ shall also re-visit the RFC finding, along
21 with the remaining steps of the five-step disability inquiry, as appropriate. The ALJ may wish to
22 hold a rehearing to further develop the record.

23 The Court declines to remand for immediate payment of benefits because there are
24 outstanding issues to be resolved as to the credibility of plaintiff's testimony, the RFC, and work
25 that plaintiff can perform, as discussed above.

## CONCLUSION

28 For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment and

DENIES defendant's cross-motion for summary judgment.  The Court remands this case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
SUSAN ILLSTON
United States District Judge