UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M., <br>       Plaintiff, <br>    v. <br> MARTIN O'MALLEY,[1] <br>       Defendant. | Case No. 22-cv-01114-SI <br><br> **ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** <br><br> Re: Dkt. No. 24 |

Now before the Court is a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 24. Plaintiff's counsel served a copy of the motion on plaintiff, and plaintiff filed two letters with the Court asking for a reduction of the requested fees. Dkt. Nos. 27, 28. The Court ordered plaintiff's counsel to respond to the concerns raised in plaintiff's letters, and counsel has filed a response. Dkt. Nos. 29, 30. The Court has reviewed all of the filings, including plaintiff's letters, and has taken these into consideration. For the reasons explained below, the Court GRANTS the motion for attorney's fees in full.

**BACKGROUND**

Attorney Harvey Sackett represented plaintiff before this Court in appealing the denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. The parties filed cross-motions for summary judgment. Dkt. Nos. 13, 16. On March 3, 2023, the Court issued an order granting plaintiff's motion, denying defendant's motion, and remanding the case for further administrative proceedings. Dkt. No. 20. On May 16, 2023, pursuant to stipulation, this Court

---

[1] In the case caption, the Court substitutes Martin O'Malley, who is the current Commissioner of Social Security, for his predecessor, Kilolo Kijakazi. *See* Fed. R. Civ. P. 25(d).

approved an award of $6,250.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 23. That award was "without prejudice to the rights of Sackett and Associates and/or Harvey P. Sackett to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA." *Id.* at 2.

Following remand, the Administrative Law Judge ("ALJ") issued a fully favorable decision and awarded plaintiff benefits, including retroactive benefits totaling $165,820.40. Dkt. No. 24 at 2; Dkt. No. 24-2. The Social Security Administration withheld $41,450.25 of the award, equal to approximately 25 percent of the past-due benefits, in the event plaintiff's counsel were to petition for attorney's fees. *Id.*; *see also* Dkt. No. 24-3; Dkt. No. 25 at 2. Counsel now seeks $29,000.00, or roughly 17.5% of the past due benefits, in attorney's fees from this Court. Dkt. No. 24 at 2. After the required reimbursement to plaintiff of the $6,250.00 in EAJA fees, this would result in a net fee to plaintiff's counsel of $22,750.00 from the retroactive benefits.[2]

In support of the motion, plaintiff's counsel submitted the Notice of Award, the fee agreement with plaintiff, and a statement of attorney time expended for the work done at the district court level. *See* Dkt. No. 24. The government takes no position on the fee request but asks that the Court independently review whether counsel's fee request is reasonable. Dkt. No. 25. As noted above, plaintiff mailed two letters to the Court after his counsel filed the fee motion. *See* Dkt. Nos. 27, 28. The letters are addressed to ALJ Parnow and challenge the fee motion that counsel filed with the administrative agency under 42 U.S.C. § 406(a). Plaintiff sent copies of these letters to this Court. Even though the letters are not addressed to this Court directly, the Court has reviewed the letters and taken plaintiff's arguments into account when reviewing the current fee motion. It appears from the filings that counsel is seeking $12,000.00 for his work at the administrative agency level and $29,000.00 for his work at the judicial review level. Together, this totals just under 25% of the past-due benefits. Plaintiff does not disagree that his attorney should be paid, but he does not think his attorney's performance justifies a full 25% of his past-due benefits. *See* Dkt. No. 28 at 2.

---

[2] Counsel does not seek fees from this Court for his work at the administrative level. Those fees may only be sought through the administrative agency. See 42 U.S.C. § 406(a).

## LEGAL STANDARD

The Social Security Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Attorneys representing Social Security disability benefits claimants "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 803). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Courts must begin with the fee agreement and then ask "whether the amount need be reduced . . . ." *Id.* at 1149. Factors that may support a reduction include "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151; *see also Gisbrecht*, 535 U.S. at 808. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

Here, the Court finds that the amount of fees sought is reasonable. The Court has reviewed the fee agreement. Plaintiff does not dispute the authenticity of the document and he concedes that he signed the agreement. The fee agreement is within the statutory ceiling, providing that if plaintiff receives a favorable decision after an appeal to federal court, he agrees to pay counsel a fee no greater than 25 percent of the past-due benefits awarded. Dkt. No. 24-4 at 1. The Court further finds there is no indication of "substandard performance[.]" *See Crawford*, 586 F.3d at 1151. To the contrary, counsel achieved excellent results, prevailing on a contested summary judgment motion and ultimately obtaining substantial past-due benefits as well as ongoing benefits for his

client. The Court also notes that the requested fee of $29,000 is roughly 17.5% of the past-due benefit award, lower than the 25% rate allowed by statute.

Counsel states that he spent 29.35 hours on the court representation and has attached a log of itemized services. *See* Dkt. No. 24-5. The Court finds those hours are reasonable in proportion to the complexity of the case and that awarding the full fee would not result in a windfall to counsel. The Supreme Court has "flatly rejected" a lodestar approach[3] to Section 406(b) fee motions. *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 808-09). Courts may use the lodestar method "*only as an aid* in assessing the reasonableness of the fee[,]" not as a starting point for determining whether the fee is reasonable. *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808). Here, the $29,000.00 award that counsel seeks for 29.35 hours spent on the case would result in an effective hourly rate of just under $1,000.00. The Court finds this figure is in line with other fee awards in similar cases in this district and also compensates for the risk that counsel incurs when taking a case on contingency. *See, e.g., Donna M. v. Kijakazi*, No. 19-cv-3134-DMR, Dkt. No. 34 at 3 (N.D. Cal. Dec. 28, 2023) (approving § 406(b) fee motion for an effective hourly rate of $1,403); *L.M. v. Kijakazi*, No. 17-cv-3562-JCS, Dkt. No. 30 at 4 (N.D. Cal. Nov. 2, 2023) (same, for effective hourly rate of $1,475); *see also Crawford*, 586 F.3d at 1150 ("[t]he lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded").

Much of plaintiff's dispute is with the quality of representation at the administrative level and the idea that an attorney can get a windfall by first losing at the administrative level. In other words, plaintiff supposes that an attorney may purposely lose a Social Security case at the administrative level in order to drag the case out and increase the ultimate past-due benefits award. The Court notes that plaintiff's letters are directed to the ALJ, and the question of the quality of representation performed at the administrative level is not before this Court. In the appeal to district court, plaintiff's counsel requested and received one thirty-day extension of time to file the motion

---

[3] Under the lodestar method, the court multiplies the hours reasonably spent on the case by a reasonable hourly rate.

for summary judgment and a fourteen-day extension to file the reply brief. Dkt. Nos. 12, 18. In the undersigned Judge's experience, such extension requests are common and not excessive in Social Security appeals. There is no indication of any undue delay attributable to misconduct here.

Plaintiff concedes that he signed the fee agreement and that it allows for up to 25% of any past-due benefits. *See* Dkt. No. 28 at 2. However, he states that he "was completely taken by surprise when [he] learned that Sackett expected to receive 25% of my back pay" and that he "simply [doesn't] think [Sackett] did enough to earn that." *Id.* It is worth noting that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)[.]" *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). In other words, the statute allows an attorney to seek 25% of the past-due benefits for court representation *and* an additional fee for representation at the agency level.[4] The current fee motion thus requests less than the maximum allowed under the statute.

In sum, the Court finds that the fee requested is within the limit allowed by statute, is within the limit allowed under the fee agreement that plaintiff signed, and is reasonable.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motion for attorney's fees and awards fees in the amount of $29,000.00 pursuant to 42 U.S.C. § 406(b)(1)(A). Defendant shall make all reasonable efforts to tender payment in a timely fashion without undue delay to Plaintiff for $29,000.00 in attorney's fees minus $6,250.00. The latter shall tender to Plaintiff for reimbursement of EAJA fees, for a net payment of $22,750.00 under 28 U.S.C. § 406(b)(1)(A).

**IT IS SO ORDERED**.

Dated: October 4, 2024

SUSAN ILLSTON
United States District Judge

---

[4] The Court takes no position on the reasonableness of the fees requested for work performed at the administrative agency level under § 406(a), as that is for the agency to determine.